UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUMINTRIUS GUNN,<br><br>            Plaintiff,<br><br>      v.<br><br>R. OLMSTEAD, et al.,<br><br>            Defendants. | No.  2:20-cv-2232 AC P<br><br><br>ORDER |

Plaintiff, a county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and state tort law and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.      Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF Nos. 2, 6.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.  Complaint

Plaintiff alleges that defendants "Solano County Sheriff, et al.," Solano County Sheriff Medical Division, Solano County Sheriff Custody Division, and Olmstead committed medical negligence and retaliated against him. ECF No. 1. Specifically, plaintiff alleges that after he slipped and fell twice he began to experience extreme pain on the left side of his body, but "medical came to see [him] ten hours late." Id. at 3. Plaintiff further alleges that his grievances have been denied at every level, and that the Medical and Custody Divisions have been "extremely neglectful and disrespectful to people's pain." Id. Finally, he alleges that Olmstead negligently denied his grievance without a proper investigation and that the Custody Division has been negligent toward him and retaliated against him because of his grievances. Id. at 4-5.

IV.  Failure to State a Claim

As an initial matter, to the extent plaintiff's use of "et al." indicates his intention that there be additional defendants, only those entities and individuals that he has identified may be recognized as defendants. With respect to defendants Solano County Sheriff,[1] Solano County Sheriff Medical Division, and Solano County Sheriff Custody Division, while "municipalities and

---

[1] Though not clear, it appears that plaintiff is referring to the Sheriff's Department rather than the sheriff.

other local government units . . . [are] among those persons to whom § 1983 applies," Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978), "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation,'" City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in original) (quoting Monell, 436 U.S. at 694 and Polk County. v. Dodson, 454 U.S. 312, 326 (1981)).  There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Id. at 385.  Plaintiff has not alleged any facts demonstrating that the alleged violations of his rights were due to a policy or custom of these defendants.

To the extent plaintiff may be attempting to allege a constitutional violation based on inadequate medical treatment, he fails to state a claim.  A Fourteenth Amendment[2] medical claim includes the following elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018).  Plaintiff's allegation that "medical came to see [him] ten hours late," ECF No. 1 at 3, without more, fails to show that any defendant failed to act in a reasonable manner in the face of a substantial risk of serious harm to plaintiff.  Furthermore, plaintiff's conclusory claims of medical negligence are insufficient both because they provide no facts regarding plaintiff's treatment and deliberate indifference requires more than negligence.  See Gordon, 888 F.3d at 1125.  Plaintiff's allegations that Olmstead denied his grievances also fail to state a claim because there are no facts showing that the grievances alerted Olmstead to an ongoing violation in which he could have intervened.

////

---

[2] Although plaintiff does not specify whether he was a pretrial detainee or convicted prisoner at the time of his incarceration at the jail, for screening purpose, the undersigned will assume that plaintiff was a pretrial detainee and consider the claims under the less rigorous Fourteenth Amendment standard.

Plaintiff also indicates that he is attempting to allege claims for retaliation. However, these claims fail because he has not shown that any defendant took an adverse action against him because of protected conduct that he engaged in and that the action chilled his exercise of his First Amendment rights. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting out elements of a retaliation claim). To the extent plaintiff may be attempting to allege that his grievances were denied in retaliation for filing the grievances in the first place, the denial of a grievance does not constitute an adverse action that is more than de minimis and is not sufficient to deter a prisoner of "ordinary firmness" from further First Amendment activities. See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (plaintiff must allege either conduct that "would chill or silence a person of ordinary firmness" or that he suffered harm that is "more than minimal").

Finally, with respect to any state law negligence or medical malpractice claims plaintiff may be attempting to make, he has failed to state claims for relief because he has not alleged compliance with the Government Claims Act. See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1240, 1237 (2004) (for claims against the state, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pled in the complaint).

V.      Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be

complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. Motion for Copies and an Extension of Time

Plaintiff has requested that the court send him "all ten case[s]" and give him "more time to study on all ten different case[s]." ECF No. 9. It is unclear what documents plaintiff is seeking from his cases (e.g. docket reports, specific filings, all filings, etc.), and he has also failed to provide the required costs for copies. The request will therefore be denied. Any future requests for copies must specify what documents plaintiff seeks copies of and be accompanied by the required copy costs.[3] With respect to the request for additional time, there were no deadlines pending at the time plaintiff filed his request and the motion will be denied. By this order, plaintiff is being given thirty days to file an amended complaint. Should he require additional time, he may file a motion for an extension of time that explains how much more time he needs and why he needs the extra time.

VII. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

You are being given leave to amend because the facts you have alleged in the complaint are not enough to state a claim for relief. You need to provide more specific facts about what each defendant did that you believe violated your rights.

////

---

[3] The Clerk's Office provides copies of documents and of the docket sheet for $0.50 per page.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims and information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for leave to proceed in forma pauperis, ECF Nos. 2, 6, are GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's motion for copies and an extension of time, ECF No. 9, is DENIED.

4. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

5. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: July 19, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE