UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUMINTRIUS GUNN,<br><br>    Plaintiff,<br><br>    v.<br><br>R. OLMSTEAD, et al.,<br><br>    Defendants. | No.  2:20-cv-2232 AC P<br><br><br><br>ORDER |

Plaintiff, a county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and state tort law.  The undersigned screened the original complaint, found that it did not state a claim for relief, and provided plaintiff an opportunity to file an amended complaint.  ECF No. 10.  Plaintiff has now filed a first amended complaint.  ECF No. 12.

I. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1  Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal
2  theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,
3  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as
4  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a
5  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
6  Franklin, 745 F.2d at 1227-28 (citations omitted).

7      "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
8  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
9  what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550
10 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
11 "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
12 of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman,
13 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
14 to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
15 cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
16 speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain
17 something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
18 cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
19 R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

20     "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
21 relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
22 Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
23 content that allows the court to draw the reasonable inference that the defendant is liable for the
24 misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this
25 standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
26 Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the
27 pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,
28 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II. First Amended Complaint

The amended complaint alleges that defendants Olmstead, Garcia, Gardner, and Stanton Correctional Facility violated plaintiff's Fourteenth Amendment right to medical care, committed medical malpractice, and were negligent. ECF No. 12. Specifically, plaintiff alleges that after he slipped and fell twice, he began to experience extreme pain on the left side of his body but was not given an x-ray and medical staff were ten hours late to see him. Id. at 3. Plaintiff further alleges after he fell, he told Garcia that he needed to see medical staff because he was in pain, but Garcia did not call them. Id. at 8. Gardner allegedly came in at some point after plaintiff fell, and Olmsted has "negligently denied [his] grievance about the medical treatment that was supposed to be provided." Id. 3, 8. Plaintiff also alleges that staff was negligent in not cleaning the floors or checking if they were slippery before his recreation time and that he was denied life-saving medications and procedures. Id. at 3-5, 8.

III. Claims that Will Require a Response

Plaintiff's allegation that defendant Garcia failed to contact medical staff, despite plaintiff being in extreme pain, is sufficient to state a claim for a violation of his rights under the Fourteenth Amendment, see Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018) (defendant violates Fourteenth Amendment where he fails to take reasonable measures to abate substantial risk of harm to plaintiff of which he was aware); and will require a response.

IV. Failure to State a Claim

A. Defendant Stanton Correctional Facility

While "municipalities and other local government units . . . [are] among those persons to whom § 1983 applies," Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978), "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation,'" City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in original) (quoting Monell, 436 U.S. at 694 and Polk County. v. Dodson, 454 U.S. 312, 326 (1981)). There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Id. at 385. While plaintiff makes a conclusory assertion that his claims involve a municipal policy or custom and alleges that staff failed to properly maintain

3

1 the floors or provide him unspecified medical treatment, ECF No. 12 at 10, he has not alleged any
2 facts demonstrating that the alleged violations of his rights were due to a policy or custom of
3 defendant Stanton Correctional Facility.  Simply stating that there was a custom or policy or that
4 there was an isolated incident that violated his rights is not sufficient.  Plaintiff must identify the
5 policy at issue or allege facts sufficient to demonstrate the existence of a custom that led to the
6 violation of his rights.

       B.      Defendant Gardner

Plaintiff's conclusory assertions that Gardner violated his rights and allegation that "officer Gardner was part the event come in after the plaintiff recreational time," ECF No. 12 at 3-5, 8, are insufficient to show what Gardner failed to take reasonable measures to abate a substantial risk of harm to plaintiff of which he was aware and therefore fails to state a claim for relief.

       C.      Defendant Olmstead

Plaintiff's allegations that Olmstead negligently denied his grievances fail to state a claim because there are no facts showing that the grievances alerted Olmstead to an ongoing violation in which he could have intervened.

       D.      State Law Claims

Plaintiff once again fails to state any claims for relief under state tort law.  The complaint alleges only that plaintiff "put in a Government Claims Act in 2021 and haven't gotten a response." ECF No. 12 at 9-10.  These allegations are not sufficient to demonstrate timely compliance with the Government Claims Act.  See J.M. v. Huntington Beach Union High Sch. Dist., 2 Cal. 5th 648, 652 ("If a complaint does not allege facts showing that a claim was timely made, or that compliance with the claims statutes is excused, it is subject to demurrer." (citation omitted)).

     V.      Leave to Amend

For the reasons set forth above, the court finds that the first amended complaint does not state cognizable claims under state tort law or against defendants Gardner, Olmstead, and Stanton Correctional Facility.  However, it appears that plaintiff may be able to allege facts to remedy this

and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendant Garcia on his deliberate indifference claim **or** he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to file a second amended complaint.  If plaintiff elects to proceed on his deliberate indifference claim against defendant Garcia without amending the complaint, the court will proceed to serve the first amended complaint.  A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the state tort claims and all claims against defendants Gardner, Olmstead, and Stanton Correctional Facility.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files a second amended complaint, any previous complaints no longer serve any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each

5

defendant must be sufficiently alleged.

VI. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Some of the allegations in the complaint state claims against the defendants and some do not. You have alleged enough facts to state a claim for deliberate indifference against defendant Garcia. However, you have not stated any claims against defendants Gardner and Olmstead because there are not enough facts to show that they were aware of a substantial risk of harm to you and failed to act reasonable to prevent that harm. The allegations against Stanton Correctional Facility are also not enough to state a claim because you have not shown that your rights were violated as a result of a policy or custom. Finally, you have not sufficiently alleged any state tort claims because you have not provided enough facts to show that you submitted a timely claim under the Government Claims Act.

You have a choice to make. You may either (1) proceed immediately on your deliberate indifference claim against defendant Garcia and voluntarily dismiss the other claims, **or** (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your state tort claims and all claims against defendants Gardner, Olmstead, and Stanton Correctional Facility. If you choose to amend your complaint, the second amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in your previous complaints. **Any claims and information not in the second amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or complete service paperwork).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's state tort claims and claims against defendants Gardner, Olmstead, and Stanton Correctional Facility do not state claims for which relief can be granted.

2. Plaintiff has the option to proceed immediately on his deliberate indifference claim against defendant Garcia as set forth in Section III above, or to amend the complaint.

3.  Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a second amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the state tort claims and all claims against defendants Gardner, Olmstead, and Stanton Correctional Facility.

DATED: August 9, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUMINTRIUS DAMOUR GUNN,<br><br>    Plaintiff,<br><br>    v.<br><br>R. OLMSTEAD, et al.,<br><br>    Defendants. | No. 2:20-cv-2232 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his deliberate indifference claim against defendant Garcia without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his state tort claims and all claims against defendants Gardner, Olmstead, and Stanton Correctional Facility pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                    Aumintrius Damour Gunn
                                                    Plaintiff pro se